# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS A., <br><br> Petitioner, <br><br> v. <br><br> CHARLES GREEN, <br><br> Respondent. | Civil Action No. 18-13356 (SDW) <br><br><br> OPINION |

**WIGENTON**, District Judge:

Presently before the Court is the *pro se* petition for a writ of habeas corpus of Petitioner, Carlos A., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 6), to which Petitioner has replied. (ECF No. 7). On December 14, 2018, the Government filed a sur-reply (ECF No. 8). On or about January 2, 2019, Petitioner filed a response to the sur-reply in the form of a self-styled motion seeking a remand. (ECF No. 9). For the following reasons, this Court will grant Petitioner's habeas petition, will order the Government to provide Petitioner with a bond hearing, and will in turn deny Petitioner's motion seeking a remand as moot.

## I. BACKGROUND

This Court summarized the factual background of Petitioner's immigration detention as follows in its opinion denying his previous habeas petition without prejudice:

> Petitioner is a native and citizen of the Dominican Republic who entered the United States in July 1989 and has remained in the country since that time as a lawful permanent resident. (ECF No. 1 at 5). During his time in this country, Petitioner has received convictions for multiple drug related offenses including convictions

1

for possession of a controlled substance with intent to distribute in both 2002 and 2004. (*Id.* at 6). Based on this criminal history, immigration officials took Petitioner into custody on or about June 5, 2017, and have held him pursuant to 8 U.S.C. § 1226(c) since that date. (*Id.*).

Petitioner first appeared before the immigration courts on June 15, 2017. (Document 1 attached to ECF No. 6 at 1). On June 15, 2017, Petitioner requested and was granted an extension of time so that he could prepare his case. (*Id.* at 1-2). On July 19, 2017, Petitioner again requested an extension, and his hearing was continued to August 17, 2017. (*Id.* at 2). Petitioner thereafter requested another continuance, and his hearing was rescheduled for September 20, 2017. (*Id.*). On September 20, 2017, however, Petitioner filed a motion to substitute counsel, which was granted. (*Id.*). Petitioner apparently also both requested more time to prepare and filed a motion to terminate removal proceedings at that time. (*Id.*). The assigned immigration judge denied the motion to terminate on October 25, 2017, but thereafter granted Petitioner's request for more time and scheduled Petitioner's next hearing for December 7, 2017. (*Id.*). Petitioner thereafter requested and received another continuance through January 3, 2018. (*Id.*).

On January 3, 2018, Petitioner appeared for a hearing before an immigration judge and was ordered removed. (*Id.* at 2-3). Petitioner apparently filed no further requests for relief from removal. (*Id.*). On January 23, 2018, Petitioner filed an appeal to the Board of Immigration Appeals ("BIA"). (*Id.*). On May 23, 2018, the BIA dismissed Petitioner's appeal and affirmed his order of removal. (ECF No. 8). Petitioner then filed a petition for review with the Third Circuit Court of Appeals accompanied by a motion for a stay of removal. (*Id.*). On June 18, 2018, the Clerk of the Third Circuit entered an order granting Petitioner a temporary stay of removal pursuant to a standing order of the Court of Appeals to remain in effect until such time as a motions panel decided Petitioner's motion for a stay on the merits. (Third Circuit Docket No. 18-2345 at Document No. 3112959248).

*Carlos A. v. Green*, No. 18-741, 2018 WL 3492150, at *1 (D.N.J. July 20, 2018).

On November 7, 2018, the Third Circuit vacated the order granting a temporary stay and entered an order granting Petitioner a stay of removal until his petition for review is decided by the Court of Appeals as Petitioner "has made a sufficient showing on the merits of [Petitioner's]

2

petition for review to warrant such interim relief." (Third Circuit Docket No. 18-2345 at Document No. 3113080540). In that order, the Third Circuit also granted Petitioner's request for the appointment of counsel and indicated that a briefing schedule on the petition for review would be set once counsel had been appointed. (*Id.*). Petitioner is thus now subject to a formal stay of removal entered by an order of the Third Circuit, and it does not appear that a briefing schedule has been entered by the Third Circuit as to his petition for review at this time. (Third Circuit Docket No. 18-2345 Docket Sheet). It thus appears that Petitioner's litigation of his petition for review, and in turn his stay of removal, will continue for several months.

On January 17, 2018, Petitioner filed his first petition for a writ of habeas corpus. (Docket No. 18-741 at ECF No. 1). Briefing of that petition was completed on June 20, 2018. (Docket No. 18-741 Docket Sheet). On July 20, 2018, this Court entered an order and opinion denying that petition without prejudice. *Carlos A.*, 2018 WL 3492150 at *1. In so doing, this Court noted that

> In *Dryden* [*v. Green*, No. 18-2686, 2018 WL 3062909 (D.N.J. June 21, 2018)], this Court held that detention pursuant to § 1226(c) for just over a year was not sufficient to render the statute unconstitutional as applied to the petitioner in a case where the majority of the delay in the petitioner's removal proceedings was the fault of the petitioner and the Government had not acted in bad faith nor been responsible for any significant delay. *Id.* at 5. That same reasoning forecloses Petitioner's request for relief here. As in *Dryden*, Petitioner has been detained pursuant to § 1226(c) for just over a year, and during that time has been responsible for virtually all of the delay in his removal proceedings. The Government was not responsible for any appreciable delay in his proceedings, and the immigration courts swiftly decided Petitioner's case once he ceased requesting delays – indeed, the immigration judge held a hearing and decided Petitioner's removability issue on the very same day that Petitioner's hearing was held, and the BIA decided his appeal in short order. Given the background of Petitioner's immigration proceedings, and being mindful of the Third Circuit's admonition in *Chavez-Alvarez* that an alien "should not be rewarded with a bond hearing that they would not otherwise get under the statute" because the alien had "merely gam[ed] the system to delay their removal," 783 F.3d at 476, this Court finds that Petitioner's continued

3

> detention has not become so prolonged that it has become arbitrary and unreasonable, and § 1226(c) is therefore not unconstitutional as applied to Petitioner.

*Carlos A.*, 2018 WL 3492150 at *5. Petitioner thereafter filed his current habeas petition. (ECF No. 1).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

Petitioner contends that his ongoing immigration detention violates his right to Due Process as he has been held overlong without a bond hearing. Although Petitioner is subject to a final order of removal, because the Third Circuit has granted him a stay of removal pending the resolution of his petition for review, he remains detained pursuant to 8 U.S.C. § 1226(c). *See, e.g., Leslie v. Att'y Gen.*, 678 F.3d 265, 268-70 (3d Cir. 2014). Petitioner bases his Due Process
4

argument on the Third Circuit's decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). In issuing its decision in *Jennings v. Rodriguez*, 538 U.S. ---, 138 S. Ct. 830 (2018), however, the Supreme Court abrogated the direct holdings of both *Diop* and *Chavez-Alvarez*. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018).

As both this Court and the Third Circuit have recognized, however, the abrogation of the constitutional avoidance holdings of *Diop* and *Chavez-Alvarez* did not rob those cases of all authority – "*Jennings* did not call into question [the] constitutional holding in *Diop* [and *Chavez-Alvarez*] that detention under § 1226(c) may violate due process if unreasonably long." *Id.*; *see also Dryden*, 321 F. Supp. 3d at 502. Even after *Jennings*, the "constitutionality of [§ 1226(c) detention remains] a function of the length of the detention [and t]he constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues," and "any determination on reasonableness [must be] highly fact specific." *Chavez-Alvarez*, 783 F.3d at 474-75; *see also Diop*, 656 F.3d at 232, 234. An alien's detention will thus amount to an unconstitutional application of § 1226(c) where the prolonged nature of that detention becomes "so unreasonable [that it] amount[s] to an arbitrary deprivation of liberty [which] cannot comport with the requirements of the Due Process Clause." *Dryden*, 321 F. Supp. 3d at 502; *see also Demore*, 538 U.S. at 432; *Chavez-Alvarez*, 783 F.3d at 474. Although "aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would otherwise not get under the statute," *Chavez-Alvarez*, 783 F.3d at 476, where an alien's detention becomes extremely overlong merely because he has pursued valid challenges to his removal that detention may eventually become so arbitrary that the Due Process clause requires a bond hearing. *See, e.g., K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at * 4 (D.N.J. Aug. 7,

5

2018) (detention of nineteen months in the absence of bad faith on Petitioner's part warranted a bond hearing where Petitioner was pursuing a valid petition for review before the Third Circuit and had received a stay of removal).

Although, as explained in this Court's denial of Petitioner's previous habeas petition, Petitioner was responsible for nearly all of the initial delay in his removal proceedings, since the entry of his removal order in January 2018, Petitioner has not appreciably delayed his immigration proceedings and has instead merely pursued the appeals available to him through an appeal to the BIA and a petition for review filed with the Third Circuit. The additional year of detention Petitioner has experienced since his removal order was entered is instead largely attributable to the time required for the appellate courts to review the merits of his appeals and his motion for a stay filed in the Third Circuit. Although the Third Circuit has found that his petition for review presented enough arguable merit to warrant a panel of the Court of Appeals ordering a stay of removal and appointing counsel for Petitioner, Petitioner's petition remains pending and the Third Circuit has yet to enter a briefing schedule. Petitioner has thus been detained for nearly nineteen months, the vast majority of which is attributable to his having diligently pursued his appellate rights. Because the Third Circuit has yet to enter a briefing schedule in Petitioner's petition for review matter, it likewise fully appears that litigation of Petitioner's petition shall continue for at least several more months, a delay for which Petitioner is not responsible Thus, this case is directly analogous to the factual scenario in *K.A.*, and Petitioner's current period of detention has become so prolonged that his continued detention without a bond hearing would amount to an arbitrary deprivation of liberty. This Court will therefore grant Petitioner's habeas petition and will order

the Government to provide him with a bond hearing within ten days.[1]  Because this Court is granting Petitioner's habeas petition, Petitioner's self-styled motion for a remand shall be denied as moot.

**III. CONCLUSION**

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is GRANTED, the Government shall provide Petitioner with a bond hearing before an immigration judge within ten days at which the Government bears the burden of showing that Petitioner is either a danger to the community or a flight risk, and Petitioner's motion for a remand (ECF No. 9) is DENIED as moot.  An appropriate order follows.


Dated: January 25, 2019                                                  *s/ Susan D. Wigenton*
                                                                         Hon. Susan D. Wigenton,
                                                                         United States District Judge

---

[1] At that bond hearing, "'the Government [will be required] to produce individualized evidence that [Petitioner's] continued detention was or is necessary' to further the goals of § 1226(c)−specifically ensuring that Petitioner presents neither a danger to the community nor a flight risk." *K.A.*, 2018 WL 3742631 at *4 (quoting *Chavez-Alvarez*, 783 F.3d at 477-78.